KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
(785) 825-4674 [Phone]
(785) 825-5936 [Fax]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KERRI MCCONNELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. _____ |
| KANSAS DEPARTMENT OF WILDLIFE, PARKS AND TOURISM, | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff Kerri McConnell ("Kerri"), for her cause of action against Defendant, Kansas Department of Wildlife, Parks and Tourism ("KDWPT"), states and alleges as follows:

**Parties**

1. Kerri is a resident of the State of Kansas.

2. KDWPT is a State of Kansas agency and can be served with process by service on Kansas Attorney General Derek Schmidt, at 120 SW 10th Avenue, 2nd Floor, Topeka, Kansas 66612.

**Jurisdiction**

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. 1343.

**Venue**

4. Venue is proper in the District Court for the District of Kansas pursuant to 28 U.S.C. § 1391.

**Allegations of Fact**

5. Kerri is female and resides in Milford, Kansas. Beginning on or about April 14, 2017, she began working for KDWPT as a seasonal employee in the intensive Walleye program at the Milford Lake Fish Hatchery ("Hatchery").

6. One of the other employees that worked at the Hatchery was Steve Priller ("Priller"), a male biologist.

7. After Kerri and Priller started working together, Priller started to harass Kerri by invading her personal space, touching her inappropriately and making suggestive comments to her, even after Kerri made known to him that this behavior was not wanted. Priller also tried to get Kerri terminated and encouraged other employees to take part in this harassment against Kerri.

8. Kerri would bring these incidents up to her boss, Daric Schneidewind, but he never properly addressed them.

9. During one particular incident, Priller slapped Kerri on the buttocks with a drill driver/tool.

10. Kerri attempted to handle these issues on her own and did not initially make any formal complaints. However, on or about January 17, 2019, she filed a formal complaint of sexual harassment and assault to Mr. Schneidewind.

11. At this time, Mr. Schneidewind admitted to paying Kerri less than the other male seasonal employees and that he was going to be paying another male seasonal employee more than Kerri even though he had been there for a shorter period of time than her.

12. After Kerri made this formal complaint, and while waiting for a response from KDWPT to the complaint, Priller continued to attempt to get Kerri terminated, attempted to scare her, and even intimidated her with a knife.

13. On February 15, 2019, Kerri received a conclusion letter, which was a "counseling" that was placed in her official KDWPT personnel file. Instead of addressing the harassment that Kerri suffered, KDWPT instead reprimanded Kerri for failing to report the behavior when it originally occurred.

14. Kerri subsequently made four separate requests for information on how to appeal her counseling letter but was told that an appeal was not available and that she had exhausted the agency procedures.

15. Priller continued to engage in behaviors that were intended to intimidate her or make her uncomfortable, such as walking close to her, especially from behind.

16. Kerri also believes that she wrongfully missed out on full time employment with KDWPT, as she applied and interviewed for a full-time position in the summer of 2018 but was denied such position and was told by Mr. Schneidewind that they were looking for "someone to get along with the others…you know how punchy we get."

17. On or about March 28, 2019, Kerri filed a Charge of Discrimination with the Equal Employment Opportunity Commission, charging KDWPT with discrimination and harassment on the basis of sex and retaliation in violation of Title VII of the Civil Rights Act.

18. On or about that same time, Kerri injured her back and required some physical restrictions while at work. Some of those restrictions, for example, was that she could not climb on ladders or partake in repetitive bending or stooping.

19. Shortly after Kerri filed her discrimination and harassment claim against KDWPT and she injured her back, on or about May 9, 2019, Kerri was terminated based on KDWPT's alleged inability to accommodate her physical restrictions.

20. As a result of KDWPT's wrongful and discriminatory actions, Kerri has suffered economic loss in the form of lost income and benefits and the opportunity for a full-time employment position, as well as noneconomic loss such as humiliation and embarrassment.

21. Kerri received a Notice of Right to Sue from the Equal Employment Opportunity Commission on November 8, 2019.

22. Kerri has exhausted her administrative remedies.

**Theories of Recovery**

## COUNT I
## HARASSMENT

23. Kerri realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above.

24. Kerri has been subject to unlawful discrimination based on her sex in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*, for which she is entitled to damages.

## COUNT II
## RETALIATION

25. Kerri realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above.

26. Kerri has been subjected to unlawful retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*, for which she is entitled to damages.

## COUNT III
## AMERICANS WITH DISABILITIES ACT

27. Kerri realleges and incorporates herein the allegations contained in paragraphs 1 through 26 above.

28. Kerri has been subjected to unlawful discrimination by having her employment terminated in violation of the Americans with Disabilities Act of 1990, for which she is entitled to damages.

WHEREFORE, Kerri respectfully requests that the Court enter judgment in her favor and against KDWPT in an amount in excess of $75,000.00; that the costs of this action, including reasonable attorney fees, be assessed against KDWPT; and that the Court grant such other and further relief as it deems fair and equitable in the circumstances.

RESPECTFULLY SUBMITTED,

  /s/ Larry G. Michel
Larry G. Michel   #014067
Laurel A. Michel   #27897
KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
(785) 825-4674
ATTORNEYS FOR PLAINTIFF

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby requests pursuant to Fed.R.Civ.P. 38(b) that all issues of fact be tried to a jury.

  /s/ Larry G. Michel
Larry G. Michel

## DESIGNATION OF PLACE OF TRIAL

Pursuant to D.Kan.Rule 40.2, Plaintiff designates Topeka, Kansas as the place of Trial.

/s/ Larry G. Michel
Larry G. Michel