UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| KERRI MCCONNELL, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 19-4120-JWB |
| KANSAS DEPARTMENT OF WILDLIFE, PARKS, & TOURISM, | ) | |
| Defendant. | ) | |

## ORDER

In this employment-discrimination case, plaintiff asserts claims of harassment and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*, and of discrimination under the Americans with Disabilities Act of 1990 ("ADA"). Defendant has filed a motion to stay discovery and other pretrial proceedings (ECF No. 13) pending a ruling on its motion to dismiss the complaint (ECF No. 7). The court finds the entry of a stay is prudent in this instance, and the motion is granted.

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending.[1] But four exceptions to this policy are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via

---

[1] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

O:\ORDERS\19-4120-JWB-13.DOCX

the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[2] The decision whether to stay discovery rests in the sound discretion of the district court.[3] As a practical matter, this calls for a case-by-case determination.

The court has reviewed the record, the instant motion, and the pending dispositive motion. The court concludes that a brief stay of all pretrial proceedings—including discovery and the scheduling of deadlines—is warranted until the court resolves defendant's dispositive motion. In the motion to dismiss, defendant asserts qualified immunity prohibits plaintiff's ADA claim as a matter of law. Defendants are generally entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[4] "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands

---

[2] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990)); *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991) ("'Until this *threshold* immunity question is resolved, discovery should not be allowed.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis in original)).

[3] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[4] *Siegert*, 500 U.S. at 232–33.

˜2˜

customarily imposed upon those defending a long drawn out lawsuit."[5] The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[6]

Although the court could permit discovery on plaintiff's Title VII claims, other factors counsel against proceeding with discovery. First, defendant seeks dismissal as a matter of law based on the allegations in plaintiff's complaint; there are no facts to be learned through discovery that affect the resolution of the motion. Second, the case could be finally concluded via the dispositive motion. And third, even if the case is not fully resolved by a ruling on the motion to dismiss, the ruling could narrow this case, making piecemeal discovery at this point wasteful and burdensome.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1) The motion to stay is granted.

---

[5]*Id*. at 232; *see also Gallegos v. City and Cnty. of Denver*, 984 F.2d 358, 361 (10th Cir. 1993) ("A successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability." (citing *Harlow*, 457 U.S. at 817−18)).

[6]*Siegert*, 500 U.S. at 233 ("The entitlement is an *immunity from suit* rather than a mere defense to liability. . . ." (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original)).

2) All pretrial proceedings in this case, including discovery and the submission of a Fed. R. Civ. P. 26(f) planning-meeting report, are stayed until further order of the court. The scheduling conference set for April 3, 2020, is canceled.

3) Within 14 days of the ruling on the pending motion to dismiss, the parties shall confer and submit a Rule 26(f) planning-meeting report to the undersigned's chambers.

Dated March 24, 2020, at Kansas City, Kansas.

                                         s/ James P. O'Hara
                                         James P. O'Hara
                                         U.S. Magistrate Judge