IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KERRI McCONNELL,

        Plaintiff,

v.                                                        Case No. 19-4120-JWB

KANSAS DEPARTMENT OF WILDLIFE,
PARKS AND TOURISM,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss. (Doc. 7.) The motion has been fully briefed and is ripe for decision. (Docs. 8, 9, 11.) For the reasons stated herein, the motion (Doc. 7) is GRANTED IN PART and DENIED IN PART.

**I. Facts**

The following factual allegations are taken from Plaintiff's complaint. (Doc. 1.) Plaintiff is a resident of Milford, Kansas; Defendant is a State of Kansas agency. (*Id.* at 1.) On April 14, 2017, Plaintiff began working for Defendant as a seasonal employee in the intensive Walleye program at the Milford Lake Fish Hatchery ("Hatchery"). One of the other employees at the Hatchery was Steve Priller, a biologist. Plaintiff alleges that Priller harassed her "by invading her personal space, touching her inappropriately and making suggestive comments to her," even though she made known to him this behavior was not wanted. (*Id.* at 2.) Plaintiff alleges Priller also tried to get her fired and encouraged other employees to take part in the harassment. During one incident, Priller allegedly slapped Plaintiff on the buttocks with a drill. Plaintiff informed her

boss, Daric Schneidewind, about the incidents, but he allegedly "never properly addressed them." (*Id.*)

Plaintiff alleges that she applied and interviewed for a full-time position with Defendant in the summer of 2018 but was told by Schneidewind that they were looking for "someone to get along with the others … you know how punchy we get." (*Id.* at 3.)

Plaintiff initially attempted to handle these issues on her own, but she filed a formal complaint of sexual harassment and assault with Schneidewind on January 17, 2019. (*Id.* at 2.) At that time, Schneidewind allegedly admitted to paying Plaintiff less than male seasonal employees, and said he was going to be paying another male seasonal employee more than Plaintiff although the employee had not been there as long as Plaintiff. After Plaintiff submitted her formal complaint, and while she was awaiting a response from Defendant, Priller allegedly attempted to get her fired, "attempted to scare her, and even intimidated her with a knife." (*Id.*)

On February 15, 2019, Plaintiff received a conclusion letter stating that a "counseling" was being placed in her personnel file reprimanding her for failing to report the inappropriate behavior at the time it occurred. (*Id.* at 3.) Plaintiff alleges she made four separate requests for information on how to appeal her counseling letter but was told that "an appeal was not available and that she had exhausted the agency procedures." (*Id.*) Plaintiff alleges that Priller continued "to engage in behaviors that were intended to intimidate her or to make her uncomfortable, such as walking close to her, especially from behind." (*Id.*)

On March 28, 2019, Plaintiff filed an administrative complaint with the Equal Employment Opportunity Commission (EEOC) charging Defendant with discrimination and harassment on the basis of sex and retaliation in violation of Title VII of the Civil Rights Act. (*Id.*; Doc. 8-1 at 2.)

At about the same time, Plaintiff injured her back and required some physical restrictions at work, including no climbing of ladders and no repetitive bending or stooping. Plaintiff alleges that on May 9, 2019, she was terminated based on Defendant's alleged inability to accommodate her physical restrictions. (Doc. 1 at 3.)[1] As a result of Defendant's allegedly discriminatory actions, Plaintiff has suffered economic and other damages. (*Id.* at 4.)

Plaintiff alleges she has exhausted her administrative remedies and received a Notice of Right to Sue from the EEOC on November 8, 2019. (*Id.*) The complaint in the instant action contains three counts: Count I alleges discrimination on the basis of sex in violation of Title VII; Count II alleges unlawful retaliation in violation of Title VII; and Count III alleges discriminatory termination in violation of the Americans with Disabilities Act (ADA). (*Id.*)

Defendant moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). It argues the complaint fails to state a valid claim for relief under either Title VII or the ADA, and that the court lacks jurisdiction because Plaintiff failed to timely file a Title VII complaint with the EEOC and because Defendant is entitled to Eleventh Amendment immunity on the ADA claim. (Doc. 8.)

**II. Standards**

"Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012). When the court is faced with a motion invoking both Rule 12(b)(1) and 12(b)(6), the court must first determine that it has subject matter jurisdiction over the controversy before reviewing the merits of the case under Rule 12(b)(6). *Bell v. Hood*, 327 U.S. 678, 682 (1946). Because federal courts

---

[1] Plaintiff filed an amended complaint with the EEOC on May 16, 2019, "to add additional retaliation and discrimination on the basis of disability in violation of" the ADA. (Doc. 8-1 at 3.)

are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (internal citations omitted). If the motion challenges the sufficiency of the complaint's jurisdictional allegations (as Defendant does here), the court must accept all such allegations as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). If there is a challenge to the actual facts, the court has discretion to allow affidavits and other documents to resolve disputed facts. *Id*. at 1003. *See Cochran v. City of Wichita*, No. 18-1007-JWB, 2018 WL 3772681, at *2 (D. Kan. Aug. 9, 2018).

If the court has subject matter jurisdiction under the foregoing standards, it will then address arguments raised under Rule 12(b)(6). In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation and internal quotation

marks omitted.) All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

### III. Analysis

a. <u>Jurisdiction</u>. Defendant argues the court lacks jurisdiction over the Title VII claims because Plaintiff "did not exhaust conditions precedent to filing her claims arising out of Title VII." (Doc. 8 at 3.) Although courts previously viewed a failure to exhaust as a jurisdictional bar, "[b]oth Supreme Court and Tenth Circuit precedent [now] hold that failing to exhaust administrative remedies under Title VII is not a jurisdictional prerequisite to suit." *Abouelenein v. Ks. City Comm. College,* No. 18-26720-DDC, 2020 WL 1528500, at *7 (D. Kan. Mar. 31, 2020) (citing *Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 1843, 1851 (2019) and *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018)). A failure to exhaust remedies is an affirmative defense that may be raised under Rule 12(b)(6). *Payan v. United Parcel Serv.*, 905 F.3d 1162, 1169 (10th Cir. 2018). But any failure to exhaust does not deprive the court of jurisdiction over the Title VII claims.

Defendant also argues the court has no jurisdiction over the ADA claim because Defendant is entitled to Eleventh Amendment immunity as to this claim. The court agrees. "Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment." *Levy v. Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1168 (10th Cir. 2015). The Supreme Court has held that this immunity applies to damage suits under Title I of the ADA (pertaining to employment discrimination). *See Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001). Plaintiff's complaint seeks only monetary damages; thus, any potential immunity

5

exception pertaining to injunctive relief does not apply. *See Guttman v. Khalsa*, 669 F.3d 1101, 1127 (10th Cir. 2012) ("An individual can bring an *Ex parte Young* claim against a state official in federal court for an ADA or § 1983 violation.") In arguing that the court has jurisdiction to address the ADA claim, Plaintiff cites *Cisneros v. Wilson,* 226 F.3d 1113 (10th Cir. 2000). (Doc. 9 at 6.) The Tenth Circuit has recognized, however, that *Cisneros* was overruled by *Garrett. See Winston v. Ross*, 725 F. App'x 659, 664 (10th Cir. 2018); *Ferguson v. Okla. Sec'y of State,* 6 F. App'x 797, 798 (10th Cir. 2001). Accordingly, Plaintiff's ADA claim must be dismissed for lack of jurisdiction. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (Eleventh Amendment immunity properly treated under Rule 12(b)(1) as jurisdictional).

b. <u>Failure to state a claim</u>. The court will treat Defendant's contention that Plaintiff failed to properly exhaust Title VII remedies as the assertion of an affirmative defense under Rule 12(b)(6). *See Cirocco v. McMahon*, 768 F. App'x 854, 857 (10th Cir. 2019). Such a defense may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint. *Id.* at 858 (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). The court may also properly consider documents referred to in the complaint, provided they are central to the plaintiff's claims and the parties do not dispute their authenticity. *Smallen v. The W. Union Co.*, 950 F.3d 1297, 1305 (10th Cir. 2020). The court finds that Plaintiff's EEOC complaints, which are referred to in the complaint and are unchallenged insofar as authenticity is concerned, may properly be considered here. (Doc. 8-1 at 2-3.) The court otherwise declines to consider any other documents or factual allegations outside the complaint in connection with the instant motion under Rule 12(b)(6).

Defendant contends the complaint fails to allege any incident of sexual harassment or retaliation within 300 days of March 28, 2019, the date Plaintiff filed her first EEOC complaint,

and argues the claims are therefore untimely asserted. For reasons that follow, the court is not persuaded that the face of the complaint (supplemented by Plaintiff's EEOC filings) shows Plaintiff's claims were untimely filed with the EEOC.

To exhaust administrative remedies, a plaintiff must timely file a charge of discrimination with the EEOC. *Jones v. UPS, Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007). "In a deferral state such as Kansas, a Title VII claimant must file [her] discrimination charge within 300 days of the challenged action." *Lister v. City of Wichita, Kansas,* No. 16-CV-1038-JTM, 2016 WL 3442386, at *2 (D. Kan. June 23, 2016), *aff'd*, 666 F. App'x 709 (10th Cir. 2016) (citing *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1183 (10th Cir. 2003); 42 U.S.C. § 2000e-5(e)(1)). Based on a filing date of March 28, 2019, the 300-day window for Plaintiff would include discriminatory acts that occurred after June 1, 2018. The complaint alleges that because of sex discrimination, Plaintiff was denied a full-time position "in the summer of 2018," which could place it within the 300-day window. (Doc. 1 at 3.) The complaint also alleges that in January of 2019, Plaintiff's boss admitted to discrimination on the basis of sex in the payment of Plaintiff's wages. That conduct also falls within the 300-day window. Plaintiff has also alleged (albeit somewhat vaguely) that Defendant's imposition of discipline (counseling) in February of 2019 and denial of appeal rights thereafter amounted to retaliation for reporting sexual harassment. The EEOC filing was obviously timely as to those acts. Similarly vague – but also timely – is the complaint's assertion that Plaintiff was terminated in May of 2019 in retaliation for complaining of sex discrimination.[2]

Defendant's timeliness argument appears directed mainly at the complaint's allegations of sexual harassment. Defendant argues those allegations are based on a single act by Priller in April

---

[2] Defendant's memorandum contains no argument addressing the Title VII retaliation claim (see Doc. 8 at 4-6), nor does Defendant's reply address Plaintiff's assertion that her termination is the "main alleged act" on which her Title VII retaliation claim is based. (Doc. 9 at 5; Doc. 11.)

7

of 2017 and are therefore untimely. (Doc. 8 at 5.) But the complaint alleges continuing and related acts extending into the 300-day window, including attempts by Priller to get Plaintiff fired, the use of a knife to intimidate her, and following closely behind her, all after she reported his conduct in January of 2019. The face of the complaint and the EEOC complaints thus do not demonstrate the harassment claim is untimely. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) (A hostile work environment claim is composed of a series of separate acts that collectively constitute one "unlawful employment practice"; provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.) This conclusion is not altered by Defendant's argument that the relevant time period "must be limited to [acts] occurring in [Plaintiff's] final period of employment," which is premised upon facts that are not alleged in the complaint. (*See* Doc. 8 at 5) (asserting that Plaintiff had several formal separations from employment.)

Defendant also argues Plaintiff has failed to state a valid sexual harassment claim because the acts were allegedly committed by a co-worker, not a supervisor, and Plaintiff has not alleged that Defendant "had actual or constructive knowledge of the hostile work environment but did not adequately respond to notice of the harassment." (*Id.* at 6) (citing *Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007)). But Plaintiff has alleged that she reported the harassment to her "boss," Mr. Schneidewind, who "never properly addressed" the harassment, which prompted her to file a formal complaint with Schneidewind, after which her co-workers' harassment continued. Even then, according to the complaint, Defendant decided to discipline Plaintiff for not reporting the conduct "[i]nstead of addressing the harassment." (Doc. 1 at 2-3.) A plaintiff can show actual knowledge by an employer "where the plaintiff has reported harassment to management-level employees." *Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 673 (10th Cir. 1998). The allegations

in the complaint indicate that Schneidewind was Plaintiff's supervisor, that he supervised Plaintiff's co-workers, and that he had decision-making authority concerning payment of employees in the same department. Taking the allegations as true and construing them in the light most favorable to Plaintiff, they are sufficient to plausibly assert a basis for employer liability for the alleged harassment. *Cf. Adler,* 144 F.3d at 674 ("Mr. Larson was a low-level supervisor, but also a management-level employee for our purposes because he was titled 'supervisor' and had some authority over Plaintiff, and many of her coworkers, and reported to [the department manager.]"; 29 C.F.R. § 1604.11(d) ("With respect to conduct between fellow employees, an employer is responsible for acts of sexual harassment in the workplace where the employer (or its agents or supervisory employees) knows or should have known of the conduct, unless it can show that it took immediate and appropriate corrective action.") Defendant has not shown that it is entitled to dismissal of the Title VII claims.

## IV. Conclusion

Defendant's motion to dismiss (Doc. 7) is GRANTED IN PART and DENIED IN PART. The motion is granted as to Plaintiff's ADA claim, which is dismissed for lack of jurisdiction. The motion is otherwise denied. IT IS SO ORDERED this 3rd day of April, 2020.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE